United States District Court
Southern District of Texas
**ENTERED**
March 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DREW MOSES PATTERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2965 |
| | § | |
| RON HICKMAN, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF DISMISSAL

Petitioner Drew Moses Patterson, a pretrial detainee in custody of the Harris County Sheriff's Office, files this *pro se* habeas petition. He claims that he was convicted and sentenced in February 2014 in cause number 1396819, in Harris County, Texas, and that the conviction was affirmed on appeal in January 2015. After reviewing petitioner's pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

Public state court records show that petitioner pleaded guilty to the offense of failure to stop and render aid, with an agreed recommendation from the State that he be placed on deferred adjudication community supervision for two years. The trial court accepted the plea on February 28, 2014, and placed petitioner on deferred adjudication community supervision for two years, in accordance with the terms of his plea bargain agreement. Petitioner had no right to appeal, and his subsequent *pro se* direct appeal was dismissed for want of

jurisdiction. *See Patterson v. State*, 2016 WL 91548 (Tex. App. – Houston [1st Dist.] Jan. 7, 2016, no pet.).

Petitioner was subsequently charged with three new criminal offenses in 2014, and the State moved to revoke petitioner's deferred adjudication. Public state court records show that these charges and revocation proceedings remain pending in the 228th District Court of Harris County, Texas. Petitioner's second *pro se* appeal regarding these pending proceedings was dismissed for want of jurisdiction on February 23, 2016, because there were no underlying judgments of conviction. *Patterson v. State*, Nos. 01-15-00911-CR, 01-15-00912-CR, 01-15-00913-CR (Tex. App. – Houston [1st Dist.] Feb. 23, 2016, no pet.).

Public court records for the Texas Court of Criminal Appeals show that petitioner has not exhausted his habeas claims through that court as to claims regarding the 2014 plea and deferred adjudication.[1] Consequently, his claims are unexhausted.

This petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on March 28, 2016.

_____
Gray H. Miller
United States District Judge

---

[1] Public state court records show that petitioner attempted to raise his claims in applications for state habeas relief pursuant to Texas Code of Criminal Procedure art. 11.07, instead of art. 11.072. The applications were dismissed because petitioner could not use art. 11.07 to challenge his deferred adjudication. *See In re Patterson*, Cause No. 1396819-B in the 228th District Court of Harris County, Texas, Findings of Fact/Conclusions of Law signed August 10, 2015.